

# 17560

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 1 4 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TEXAS INTERNATIONAL PROPERTY ASSOCIATES | § | |
| | § | |
| V. | § | NO. _____ |
| | § | |
| HOERBIGER HOLDING AG | § | |

## DEFENDANT HOERBIGER HOLDING AG'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Hoerbiger Holding AG ("Hoerbiger"), respectfully submits this Notice of Removal ("Notice") of an action from the State of Texas Justice Court of Dallas County, Texas, Precinct 5-1 ("Justice Court"), styled *"Texas International Property Associates v. Hoerbiger Holding AG,* Case No. JC0703024-0 (the "State Court Action"), to the United States District Court for the Northern District of Texas, Dallas Division.  In support of removal, Hoerbiger respectfully shows the Court as follows:

### I.     THE STATE COURT ACTION

1.     On November 15, 2007, Plaintiff Texas International Property Associates ("TIPA") filed the State Court Action against Hoerbiger in the Justice Court.  A true and correct copy of the Original Petition filed in the Justice Court is attached hereto as Exhibit A-1, and by this reference incorporated herein.

2.     This Notice is timely, as it has been filed within 30 days after filing of the State Court Action.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999).

3.     Pursuant to 28 U.S.C. § 1446(a), Hoerbiger has filed copies of all process, pleadings, and orders served upon Hoerbiger in the State Court Action.

4.     Hoerbiger has also submitted a filing fee of $350.00 to the Clerk of the United States District Court for the Northern District of Texas, Dallas, Division, along with the required Civil Cover Sheet and Supplemental Civil Cover Sheet.  In accordance with 28 U.S.C. § 1446(a), an index and copy of all documents, process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A and incorporated herein by reference for all purposes.

5.     Simultaneously with the filing of this Notice of Removal, Defendant has also served and filed with the Clerk of the Justice Court, Precinct 5-1 of Dallas County, Texas, a notice of Filing of Notice of Removal and a copy of this Notice of Removal.

## II.     BASIS FOR REMOVAL

6.     This action is removable on the basis of federal question jurisdiction.  Under 28 U.S.C. § 1441(a), Hoerbiger may remove any action that is brought in a state court, but over which the United States district courts have original jurisdiction, to the United States district court in the district and division where the state court action is pending.

7.     Pursuant to § 1331, the district courts of the United States "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  TIPA's State Court Action arises under the laws of the United States; therefore, Hoerbiger may remove the State Court Action to this Court under § 1441(a).

8.     TIPA's Original Petition, on its face, assets claims that require the resolution of substantial, disputed questions of United States law under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including but not limited to claims that require adjudication under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

9.     This dispute arises from TIPA's use and registration of the domain name *horbiger.com.*  Hoerbiger has used the HOERBIGER mark in the U.S. since at least 1971, and has owned and continuously used federal registration 2,629,876 for the HOERBIGER mark since

2002 to conduct business in the U.S. and throughout the world in the fields of compression technology, automation technology, drive technology, valves technology, and actuation technology.

10.    Since at least June 25, 1996, Hoerbiger has owned the hoerbiger.com domain name, and Hoerbiger promotes the sale of its products and services through an Internet website accessible through that domain name.  Hoerbiger and its affiliated entities also own over one hundred (100) other domain names that incorporate the HOERBIGER mark, including, for example:  hoerbiger.biz, hoerbiger.info and hoerbiger.net.

11.    On June 27, 2007, Hoerbiger filed an action with the World Intellectual Property Organization ("WIPO") under the uniform Domain Name Dispute Resolution Policy ("UDRP"). The WIPO panel found that "[t]hrough its use of the Mark in an active website, [Hoerbiger] has provided 'conclusive evidence [of Hoerbiger's] exclusive rights in the mark for the goods and services listed in the registrations, and displayed on the Internet." *Hoerbiger Holding AG v. Texas International Property Associates*, WIPO Case No. D2007-0943.  A true and correct copy of the WIPO panel decision is attached as Exhibit B.  The panel found that because "the Domain Name differs from the Mark by the omission of only one letter, and is both phonetically and visually similar . . . the Domain Name [horbiger.com] is confusingly similar to [Hoerbiger's] Mark." *Id.*  The panel also found that TIPA has no rights or legitimate interests in the domain name because it was "clear that [TIPA's] behavior constitutes 'typosquatting,' by associating a domain name that is a close misspelling of [Hoerbiger's] Mark with a commercial pay-per-click website, and does not constitute a legitimate business." *Id.*  Finally, the panel found that TIPA registered and used the domain name in bad faith recognizing that "where a Domain Name constitutes a common misspelling of a protected mark, 'typosquatting' has often been held to be

'inherently parasitic' and of itself evidence of bad faith." *Id.* Accordingly, on October 19, 2007, WIPO ordered that the domain name horbiger.com be transferred to Hoerbiger. *Id.* TIPA then filed its State Court Action.

12.     In its Original Petition, TIPA alleges that "Defendant wrongfully claims that it has rights to the domain name registered and owned by Plaintiff," and that "Defendant has no rights in the subject domain name." Ex. 1, ¶¶ 6-7.  Hoerbiger's rights to and in the horbiger.com domain name are based, in part, upon the Lanham Act, 15 U.S.C. § 1051, *et seq.*  Additionally, TIPA's conduct in its registration, use, and refusal to transfer the horbiger.com domain name constitutes cyberpiracy under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), which provides.

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark . . . and (ii) registers, traffics in, or uses a domain name that — (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

13.     As set forth above, TIPA's allegations in its original petition require the resolution of substantial, disputed questions of United States law sufficient to confer federal question jurisdiction on this Court.

### III.     CONCLUSION

For the foregoing reasons, Hoerbiger prays that this action be removed to this Court for determination; that all further pleadings in the State Court Action be stayed; and that Hoerbiger have all additional relief to which it is justly entitled.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: _____

    **GERALD CONLEY**
State Bar No. 04664200
Gerald.Conley@andrewskurth.com
**TIM TAYLOR**
State Bar No. 19723895
Tim.Taylor@andrewskurth.com
**AUSTIN D. JONES**
State Bar No. 24032474
Austin.Jones@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas  75201
Tel: (214) 659-4400
Fax: (214) 659-4401

**ATTORNEYS FOR DEFENDANT
HOERBIGER HOLDING AG**

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing has been forwarded via certified mail, return receipt requested, to Daniel G. Altman, 1701 River Run, Suite 1116, Fort Worth, Texas, 76107, this 14th day of December, 2007.

_____
    **AUSTIN D. JONES**



A

## IV.      Index of State Court Documents

**Filing**                                                                                              **Tab**

1.      Plaintiff's Original Petition.................................................................................................1

2.      Issue Citation ……………………………………………………………………....2



NO. JC0103024-0

| | | |
|---|---|---|
| **TEXAS INTERNATIONAL** | § | **IN THE JUSTICE OF THE PEACE** |
| **PROPERTY ASSOCIATES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COURT, PRECINCT 5-1 .** |
| | § | |
| **HOERBIGER HOLDING AG** | § | |
| | § | |
| **Defendant.** | § | **OF DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

Plaintiff Texas International Property Associates ("TIPA") brings this action against Defendant

Hoerbiger Holding AG. ("Defendant") and for such would show as follows:

1.      Plaintiff asserts that this case should proceed under Discovery Control Plan Level 1.

2.      Plaintiff Texas International Property Associates is a Texas corporation, with home offices in

Dallas County, Texas.

3.      Defendant Hoerbiger Holding AG does business in Texas by seeking Texas domain names but

does not maintain a registered agent in Texas. Defendant is a company that upon information and

belief is organized and existing pursuant to the laws of Switzerland and has a principal place of

business at Baarenstrasse, 6304 Zug, Switzerland. As such entity is an entity of Switzerland and

is a citizen and resident of and is domiciled in Switzerland, it may be served with process by

sending a copy of the summons, petition and notice to interested parties to it's the Central

Authority of Switzerland in that canton by certified or registered mail in accordance with Article

10(a) of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in

Civil or Commercial Matters (the "Hague Convention), Nov. 15, 1965, 20 U.S.T. 361. Defendant

does not maintain a registered agent for service in the State of Texas, and pursuant to

TEX.R.CIV.P. 108 and TEX.CIV.PRAC. & REM. CODE § 17.044, as it does business and

---

enters into contracts enforceable in Texas, it may be served by service upon the *Secretary of State for the State of Texas, P. O. Box 12079, Austin, Texas 78711-2079,* who may then forward it to the proper authority pursuant to the Hague Convention, to wit: Staatskanzlei des Kantons Zug, Regierungsgebäude, Postfach, 6301 Zug, which may then effect service upon Defendant at its home office and chief executive officer and/or president, to wit: *President/CEO, Hoerbiger Holding AG, Baarenstrasse, 6304 Zug, Switzerland.* Pursuant to the Hague Convention a translated copy of this document is attached hereto as Exhibit A.

4. This court has jurisdiction and venue over the parties and subject matter of this case as the money damages sought are within the jurisdictional limits of the court and because the domain name is held by a registrant and registered with a registrar in Dallas County, Texas and Defendant has willfully availed itself of the jurisdiction by contractually consenting to jurisdiction.

5. Plaintiff is the registrant of the domain name <horbiger.com> which has a value of less than $9000.

6. Defendant wrongfully claims that it has rights to the domain name registered and owned by Plaintiff, despite the fact that Defendant has never registered or paid for the domain name.

7. Defendant has no rights in the subject domain name under the laws of the State of Texas and Plaintiff asks the court to find that the domain name is the Plaintiff's property and prohibit transfer to Defendant.

8. Furthermore, Plaintiff has suffered damages due to Defendant's attempt to hijack the domain name and requests damages in the amount of $500.00.

9. Plaintiff has complied with all conditions precedent prior to the filing of this lawsuit.

10. Plaintiff demands a trial by jury on all issues.

11. In view of the above, Plaintiff respectfully prays that this Court grant judgment against Defendant and in favor of Plaintiff in all respects and award Plaintiff the following:

a)  Judgment that Plaintiff is the rightful owner of the domain names under Texas law;

b)  An order prohibiting any transfer of the domain names to Defendant;

c)  Plaintiff's damages and reasonable and necessary attorneys' fees in the amount of $500;

d)  Such other and further relief as the Court shall determine to be just and proper.

Respectfully submitted,

SHRULL ALTMAN LLP

**Daniel G. Altman**
Texas Bar No. 00793255
1701 River Run, Suite 1116
Fort Worth, Texas 76107
(817) 336-3925
(817) 336-2124 (FAX)
**Attorney for Plaintiff**

NO. _____

| | | |
|---|---|---|
| **TEXAS INTERNATIONAL** | § | **IN THE JUSTICE OF THE PEACE** |
| **PROPERTY ASSOCIATES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COURT, PRECINCT _____ .** |
| | § | |
| **HOERBIGER HOLDING AG** | § | |
| | § | |
| **Defendant.** | § | **OF DALLAS COUNTY, TEXAS** |

---

## URSPRÜNGLICHE PETITION DES ZIVILKLÄGERS

---

Zivilkläge Texas International Property Associates ("TIPA") dieses Klage gegen Beklagtes Hoerbiger Holding AG. ("Defendant") und für so würde darstellen, wie folgt:

1.      Zivilkläger erklärt, daß dieser Fall unter Entdeckung-Steuerplan-Niveau 1 fortfahren sollte .

2.      Zivilkläge Texas International Property Associates ist eine Texas Korporation, mit Hauptbüros in der Dallas Grafschaft, Texas.

3.      Beklagtes Hoerbiger, das AG hält, tut Geschäft in Texas, indem es Texas Gebiet Namen aber sucht, behält nicht ein eingetragenes Mittel in Texas bei. Beklagter ist eine Firma, die nach Informationen und Glauben organisiert bestehend ist und gemäß den Gesetzen von der Schweiz und einen Hauptgeschäftssitz bei Baarenstrasse, 6304 Zug, Switzerland. Da solches Wesen ein Wesen von der Schweiz ist und ein Bürger und ein Bewohner von ist und domiciled in der Schweiz ist, kann es mit Prozeß gedient werden, indem man eine Kopie des Aufrufs sendet, ist Petition und Nachricht zu interessierten Parteien zu ihm die Zentralbehörde von der Schweiz dadurch daß Bezirk durch zugelassene oder eingetragene Post in Übereinstimmung mit Artikel 10(a) der Den Haag Versammlung über Service auswärts der Gerichts- und außergerichtlichen Dokumente in den Zivil- oder Handelssachen (die "Hague Vereinbarung), November 15, 1965, 20 U.S.T. 361. Beklagter behält nicht ein eingetragenes Mittel für Service im Zustand von Texas

---

und gemäß TEX.R.CIV.P. 108 und TEX.CIV.PRAC. & REM. CODE § 17.044, wie es Geschäft tut und an den Verträgen teilnimmt, die in Texas durchsetzbar sind, es kann durch Service nach dem *Secretary of State for the State of Texas, P. O. Box 12079, Austin, Texas 78711-2079,* gedient werden, das ihn zur korrekten Berechtigung gemäß Den Haag Versammlung dann nachschicken kann, zum Esprit: Staatskanzlei DES Kantons Zug, Regierungsgebäude, Postfach, 6301 Zug, die Service nach Beklagtem in seinem Hauptbüro dann bewirken können und Generaldirektor und/oder Präsident, zum Esprit: *President/CEO, Hoerbiger Holding AG, Baarenstrasse, 6304 Zug, Switzerland.* Hält. Gemäß Den Haag Versammlung wird eine übersetzte Kopie dieses Dokumentes hierin als Ausstellung A angebracht.

4. Dieses Gericht hat Jurisdiktion und Schauplatz über den Parteien und dem Thema dieses Falles, während die gesuchten Geldbeschädigungen innerhalb der gerichtlichen Begrenzungen auf das Gericht sind und weil das Domain Name durch ein registrant gehalten wird und mit einem Standesbeamten in der Dallas Grafschaft registriert, Texas und Beklagtes hat sich absichtlich der Jurisdiktion genützt, indem es vertraglich zur Jurisdiktion zustimmte

5. Zivilkläger ist des Domain Name das registrant, das einen Wert von weniger als $9000 hat.

6. Beklagtes behauptet falsch, daß es Rechte zum Domain Name hat, das von Plaintiff registriert wird und besessen ist, obwohl Beklagtes nie für das Domain Name registriert oder gezahlt hat.

7. Beklagtes hat keine Rechte im vorbehaltlichen Domain Name unter den Gesetzen des Zustandes von Texas und Zivilkläger bittet um um das Gericht, um zu finden, daß das Domain Name die Eigenschaft des Zivilklägers und Übertragung auf Beklagtes zu verbieten ist..

8. Ausserdem hat Zivilkläger die Beschädigungen wegen des Versuchs des Beklagten, das Domain Name zu überfallen erlitten und um Beschädigungen in der Menge von $500.00 bittet

9. Zivilkläger hat mit allen Bedingungen eingewilligt, die vor der Archivierung dieses Prozesses vorhergehend sind.

10. Zivilkläger verlangt einen Versuch durch Jury zu allen Punkten.

11.    Angesichts des oben genannten betet Zivilkläger respektvoll, daß dieses Gerichtbewilligung Urteil gegen Beklagtes und zugunsten des Zivilklägers in jeder Hinsicht und des Preis Zivilklägers das folgende:

a)   Urteil, daß Zivilkläger der rechtmäßige Inhaber der Gebiet Namen unter Texas Gesetz ist;

b)   Ein Auftrag, der irgendeine Übertragung der Gebiet Namen auf Beklagtes verbietet;

c)   Beschädigungen des Zivilklägers und der angemessenen und notwendigen Rechtsanwälte Gebühren in der Menge von $500;

d)   Solches anderes und weitere Entlastung wie das Gericht stellen fest, gerecht und korrekt zu sein.

Respektvoll eingereicht,

SHRULL ALTMAN LLP

*/s/ Daniel G. Altman*
**Daniel G. Altman**
Texas Bar No. 00793255
1701 River Run, Suite 1116
Fort Worth, Texas 76107
(817) 336-3925
(817) 336-2124 (FAX)
**Rechtsanwalt für Zivilkläger**

2



THE STATE OF TEXAS

TO THE DEFENDANT: HOERBIGER HOLDING AG SECRETARY OF STATE FOR THE

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED
THIS CITATION AT THE ADDRESS LISTED ON THIS CITATION BY 10:00 A.M.
ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TEN DAYS AFTER YOU
WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE
TAKEN AGAINST YOU."

FILED ON NOVEMBER 15, 2007        CIVIL DOCKET NO: JC07-030240
THE NATURE OF THE PLAINTIFF'S DEMAND BEING SUIT UPON
        SEE PETITION
FOR $       .00 PRINCIPAL    7.50 % INTEREST $    500.00 ATTORNEY'S
FEES AND ALL COURT COSTS. PLAINTIFF RESERVES THE RIGHT TO PLEAD
FURTHER ORALLY AT TIME OF TRIAL.

GIVEN UNDER MY HAND OFFICIALLY, THIS NOVEMBER 15, 2007.

_____
JUSTICE OF THE PEACE

SHERIFF OR CONSTABLE'S SERVICE RETURN:
CAME TO HAND THIS _____ DAY OF _____ 20_____ AT
O'CLOCK _____.M. AND EXECUTED THIS _____ DAY OF
20_____ AT _____ O'CLOCK _____.M., BY DELIVERING TO THE FOLLOWING NAMED
DEFENDANT_____ IN PERSON A TRUE COPY OF CITATION.

NOT SERVED FOR THE FOLLOWING REASON:_____

                        , CONSTABLE PRECINCT NO._____
                        , COUNTY, TEXAS,
                        , DEPUTY.
BY_____
FEES $_____

---

TYPE OF CASE, JUSTICE COURT

DOCKET NO.   JC07-030240
        PLAINTIFF:

TEXAS INTERNATIONAL PROPERTY
ASSOCIATES
ATTY SHRULL ALTMAN LLP
DANIEL G ALTMAN
1701 RIVER RUN SUITE 1116
FORT WORTH, TX 76107
(817)   336   3925

                vs.
        DEFENDANT:

HOERBIGER HOLDING AG
SECRETARY OF STATE FOR THE
STATE OF TEXAS
P O BOX 12079
AUSTIN, TX 78711

CITATION IN THE JUSTICE COURT

DATE SUIT FILED: 11-15-07
CITATION ISSUED: 11-15-07

CITATION PLACED IN THE HANDS OF
PRIVATE SERVICE

ADDRESS OF COURT AND CLERK

LUIS D. SEPULVEDA
JUSTICE OF THE PEACE PREC. 5-1
DALLAS COUNTY
410 SOUTH BECKLEY
DALLAS, TEXAS 75203
(214) 943-6980

B






# WIPO Arbitration and Mediation Center

### ADMINISTRATIVE PANEL DECISION

### Hoerbiger Holding AG v. Texas International Property Associates

### Case No. D2007-0943

## 1. The Parties

The Complainant is Hoerbiger Holding AG, of Zug, Switzerland, represented by Wenger & Vieli, of Zurich, Switzerland.

The Respondent is Texas International Property Associates represented by Gary Wayne Tucker, both of Dallas, Texas, United States of America.

## 2. The Domain Name and Registrar

The disputed domain name <horbiger.com> is registered with Compana LLC d/b/a Budgetnames.com.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on June 27, 2007. On June 29, 2007, the Center transmitted by email to Compana LLC a request for registrar verification in connection with the domain name at issue. After several follow up emails, Compana LLC transmitted by email to the Center its verification response on July 16, 2007 confirming that:

(a) it is the registrar for the disputed domain name;

(b) the Respondent is listed as the registrant of the disputed domain name;

(c) the contact details for the administrative, billing, and technical contacts provided in the Complaint are correct;

(d) English is the designated language under the Registration Agreement for the disputed domain name; and

(e) the registration of the disputed domain name is subject to the Uniform

Domain Name Dispute Resolution Policy (the "Policy").

The Center verified that the Complaint satisfied the formal requirements of the Policy, the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on August 23, 2007. In accordance with the Rules, paragraph 5(a), the due date for Response was September 12, 2007.

The Center received the Respondent's Response by email on September 13, 2007.

The Center appointed Warwick A. Rothnie as the sole panelist in this matter on October 3, 2007. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

4.   **Factual Background**

According to the Complaint, the Complainant conducts business throughout the world in the fields of compression technology, automation technology, drive technology, valves technology and actuator technology. Its subsidiaries have offices in, amongst other places, Houston and Longview in Texas, the United States of America.

Exhibit 6 to the Complaint lists more than 100 subsisting trademark registrations for HOERBIGER around the world. Printouts of two of these, Ireland trademark No. 740260 and United States Trademark No. 2629876, are included in respectively exhibits 7 and 8. These two particular registrations cover a wide goods and services in classes 7, 9, 12, 17, 37 and 42. Ireland trademark No. 740260 claims a Swiss registration, No. 47519 dated October 19, 1999.

The Complainant has a number of registered domain names including <hoerbiger.com>, <hoerbiger.biz>, <hoerbiger.info> and <hoerbiger.net>.

Exhibit 12 to the Complaint contains printouts from the Dallas County Clerk and the Texas Secretary of State which show that Texas International Property Associates is a certified assumed name for Dauben Inc. and a Mr. Joseph Dauben was the incorporator and is the director of Dauben Inc.

The WhoIs records show that the domain name was registered on December 27, 2005.

At the time of preparing this decision, the domain name resolves to a website which is headed:

"Welcome to horbiger.com
For resources and information on Compressor and Automation."

Down the left hand side of the page are a series of buttons or links such as "Compressor", "Automation", "Valve", "Actuator" ... under the heading "Related Searches".

Clicking on these buttons or links takes the browser to a page showing 'Sponsored Results'. The results actually displayed appear to be geographically tailored for the particular user. So, for example, when the Panel clicked on the link for Compressor, the Sponsored Results were for:

"Air Compressors
Find Air Compressors Powered By honda. High Standards In Small Tech.
www.honda.com.au

Comp Components & Parts
Great Bargains on Computer Parts. Range of Brands & Wide Choice.
www.tradingpost.com.au

Compressors
Find amazing bargains for Tools and Power Tools. Browse 100's of Ads.
www.gumtree.com.au

Air Powered Services
Check Out Our Products Online. Delivery For Sales Australia Wide.
www.AirPoweredServices.com.au

Compressors
Shop For Home Tools At Ninemsn Shopping.
shopping.ninemsn.com.au"

The Response states that the links generated under Sponsored Results are provided pursuant to Google's terms.


5.   **Discussion and Findings**

Under Paragraph 4(a) of the Policy the Complainant has the burden of proof in respect of the following three elements:

(i)     The domain name is identical or confusingly similar to a trademark or service mark in which the Complainant has rights;  and

(ii)    The Respondent has no rights or legitimate interests in respect of the domain name;  and

(iii)   The domain name has been registered and is being used in bad faith.

The Panel deals with each of these elements in turn.

A.    **Identical or Confusingly Similar**

There are two parts to this inquiry:  does the Complainant have trademark rights and, if so, is the disputed domain name identical or confusingly similar to it?

The Panel finds that the Complainant has established it owns registered trademarks for HOERBIGER. For present purposes, it is sufficient to mention only the two for which specific details were included in the Complaint, Ireland trademark No. 740260 and United States Trademark No. 2629876, although the Panel notes that the Complainant has provided summary details of more than 100 other registrations around the world.

The disputed domain name differs from the proved, registered trademarks in two respects. It does not include the letter "e" after the "o" and before the "r". Also, it includes the gTLD ".com".

The addition of the ".com" gTLD can be disregarded for present purposes. See for example *Telstra Corporation Limited v. Ozurls*, WIPO Case No. D2001-0046; *Ticketmaster Corporation v. DiscoverNet Inc.*, WIPO Case No. D2001-0252; *Microsoft Corporation v. J. Holiday Co.*, WIPO Case No. D2000-1493.

The Complainant contends that the domain name is phonetically the same as the Complainant's own name as "oe" is often represented by "ö" which, in turn, is often translated into English simply as "o". The Complainant also invokes the "typosquatting" line of cases for the proposition that the omission of a single letter is not sufficient to avoid a finding of confusing similarity.

In response, the Respondent contends that the omission of the "e" is highly significant. It points out that if a Google search is conducted for "chevrlet", the page generated in response asks "Did you mean Chevrolet"; other examples for searches on "Generl Motors" and "Gary Tuker" generate similar outcomes. However, a Google search on "horbiger" does not generate a question "Did you mean Hoerbiger".

The Respondent also relies on case law for the proposition that, in the Internet context, consumers are aware that there can be very small differences between the domain names of different websites because of the need for language economy. In application of this proposition, the Respondent points out that <broadcommunications.com> was found not to be confusingly similar to the trademark BROADCOM as "Complainant is not entitled to protection for every usage of the word 'broad' in combination with other terms", citing *Broadcom Corp v Smoking Domains*, FA137037 (NAF February 11, 2003).

The Panel can accept that Internet users will often appreciate the need to type URLs accurately, nonetheless that does not mean that mistakes will be not made. At this stage of the inquiry, however, the question is whether or not the domain name is confusingly similar to the registered trademark HOERBIGER. This is ultimately a matter of impression requiring an assessment of the likelihood that people having an awareness of the trademark, but not necessarily an exact or precise recollection, might mistakenly think the distinctive component of the domain name was the trademark.

Given that "oe" is often pronounced and written as "ö" or "o", the Panel has little doubt that there is a significant risk of such confusion.

Accordingly, the Panel finds that the domain name is confusingly similar to the trademark rights proved by the Complainant.

## B.  Rights or Legitimate Interests

The second factor that the Complainant is required to establish is that the Respondent has no rights or legitimate interests in respect of the domain name.

Paragraph 4(c) sets out three examples of rights or legitimate interests for the purposes of the Policy. They are:

"(i)  before any notice to you of the dispute, your use of, or demonstrable preparations to use, the domain name or a name corresponding to the

domain name in connection with a *bona fide* offering of goods or services; or

(ii) you (as an individual, business, or other organization) have been commonly known by the domain name, even if you have acquired no trademark or service mark rights;  or

(iii) you are making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue."

These are not an exhaustive enumeration of rights or legitimate interests, they are examples only.

It is now very well established that, in view of the difficulty in disproving a negative, the Complainant must adduce sufficient material to raise a *prima facie* case under this factor and then an evidential burden shifts to the Respondent to rebut that *prima facie* case.  An early example in which this proposition was established is *Sony Kabushiki Kaisha v. sony.net*, WIPO Case No. D2000-1074.

The Complainant states that it has not authorized the Respondent to use the domain name.  The domain name is not derived from the Respondent's own name or that of either Dauben Inc. or Mr. Dauben.

As noted above, the Respondent quite frankly admits it uses the domain name to generate advertising revenues.

The Respondent says that the links on its site are provided pursuant to Google's terms and triggered by the search terms entered by computer users.  It points out that Panels have accepted that a respondent is not responsible for potentially offending content triggered by Google's Adsense service and over which the respondent has no control:  See e.g., *Admiral Insurance Services Limited v. Mr. Adam Dicker*, WIPO Case No. D2005-0241.  The Respondent expressly denies any intention to target the Complainant.

It contends that "horbiger" is a surname and relies on the line of cases which found that it is perfectly legitimate to use descriptive or generic terms as a commercial domain name and even specifically as search portal:

- *Eastbay Corporation v. VerandaGlobal.com, Inc.*, FA0203000105983 (NAF May 20, 2002) declining to transfer <finalscore.com>;

- *Energy Source Inc. v. Your Energy Source*, FA96364 (NAF February 19, 2001) <yourenergysource.com>;

- *Zero International Holding GmbH v. Beyonet Services*, WIPO Case No. D2000-0161 <zero.com> was a common English word which could be registered and used on a first come first-serve basis;

- *Churrascaria Porcao v. Prime Products International*, WIPO Case No. D2001-0535 <porcao.com> (Portuguese for "pig");

- *GLB Servicos Interativos S.A. v. Ultimate Search Inc.*, WIPO Case No. D2002-0189 (<paparazzo.com>, was a generic term and there was no

evidence that the respondent knew it was the subject of a pending trademark application in Brazil;

- *Miller Brewing Company v. Yunju Hong,* FA0309000192732 (NAF December 8, 2003) registration of generic term "High Life" to be used in a search engine portal is a legitimate use and ". . . there is nothing wrong with using the generic phrase to connect these concepts with keywords in order to provide advertisers with targeted customer traffic".

Each of these decisions is, of course, a decision on its particular facts. One can readily see that there may be many situations where the use of a generic or descriptive term as the domain name associated with a search portal will be a *bona fide* use. On the other hand, many Panels have recognized that it is not a legitimate or *bona fide* use to use someone's trademark to generate advertising revenues through links to the trademark owner's competitors. See e.g. some of the cases referred to on this question in this Panel's own decision in *Therapro, Inc. v. Whois Protection* WIPO Case No. D2007-1222.

Here, the Panel has no reason to doubt that the term "horbiger" is a surname. Contrary to the Respondent's contention, however, it is not being used *just* for a generic search portal. As noted above, it is being used for a website according to its own banner "For resources and information on Compressor and Automation".

Further, it may be accepted that the links generated under the headings "Sponsored Results" are generated by Google or someone other than the Respondent. However, it is not correct to claim that the Sponsored Results are only triggered by computer users looking for descriptive and generic terms. The particular terms that trigger the Sponsored Results are already listed on the website at the URL to which the domain name resolves.

Thirdly, the domain name has been registered well after the Complainant has registered its trademarks around the world, and apparently well after the Complainant has actually been operating its business under its trademarks in the United States of America.

The domain name has been avowedly registered by the Respondent to generate advertising revenues. It is apparently a surname. However, it has been associated with a specific range of products: compressors and automation. The Respondent does not suggest that there is any connection between the surname "horbiger" and the particular goods and services available at its website. Why would anyone type in the surname "horbiger" as a domain name in the expectation of being taken to a website about Compressors and Automation?

Those products appear to be related to the surname "horbiger", if at all, by reason of the Complainant's use of its trademarks.

In these circumstances, the cases on the use of generic or descriptive terms are distinguishable. Consistently with the cases holding that it is not a legitimate use of a domain name to use it to divert traffic to a trademark owner's competitors, the Panel finds that the Complainant has sufficiently established for the purposes of this proceeding that the Respondent does not have any rights or legitimate interests in the domain name.

**C.    Registered and Used in Bad Faith**

The third requirement that the Complainant must demonstrate to succeed is that the disputed domain name has been registered and used in bad faith. In connection with this factor, Paragraph 4(b) of the Policy provides:

"(b)   Evidence of Registration and Use in Bad Faith. For the purposes of Paragraph 4(a)(iii), the following circumstances, in particular but without limitation, if found by the Panel to be present, shall be evidence of the registration and use of a domain name in bad faith:

(i)    circumstances indicating that you have registered or you have acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the complainant who is the owner of the trademark or service mark or to a competitor of that complainant, for valuable consideration in excess of your documented out-of-pocket costs directly related to the domain name; or

(ii)   you have registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that you have engaged in a pattern of such conduct; or

(iii)  you have registered the domain name primarily for the purpose of disrupting the business of a competitor; or

(iv)   by using the domain name, you have intentionally attempted to attract, for commercial gain, Internet users to your website or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of your website or location or of a product or service on your website or location."

As already noted, the Respondent frankly admits it registered the domain name for the purpose of generating advertising revenues. It contends that that is a perfectly legitimate activity for a descriptive or generic term.

For the reasons already given, however, that is not an accurate description of the Respondent's activities. It has registered a domain name which differs from the Complainant's trademark only by the omission of the letter "e", in circumstances where the Complainant's trademark and the Respondent's domain name could well be confused, and it has done so for use in connection with the very goods and services that the Complainant's trademark is associated.

These circumstances are more than sufficient to conclude that the Respondent registered and used the domain name in bad faith.

In the circumstances, therefore, it is not necessary to resolve the Respondent's objections to the Complainant's characterization of the Respondent as a serial typosquatter. The Panel does note for the record, however, that in one case where the Respondent agreed to transfer the domain name without admissions, the domain name was <fyrselectronics.com>, *Fry's Electronics Inc. v. Texas International Property Associates*, WIPO Case No. D2007-0343 and two decisions concerned <associtedbank.com> (*Associated Bank Corp. v. Texas International Property Associates*, WIPO Case No. D2007-0334) and <benovolink.com> (*The Benevolink

*Corporation v. Texas International Property Associates*, WIPO Case No. D2007-0404).

7. **Decision**

For all the foregoing reasons, in accordance with Paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <horbiger.com> be transferred to the Complainant.

Warwick A. Rothnie
Sole Panelist

Dated: October 19, 2007

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

3-07 CV 2099-K

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Texas International Property Associates

**DEFENDANTS**
Hoerbiger Holding AG

(b) County of Residence of First Listed Plaintiff

County of Residence of First Listed Defendant  Switzerland
(IN U.S. PLAINTIFF CASES ONLY)

(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's Firm Name, Address, and Telephone Number)
Daniel G. Altman
1701 River Run, Suite 1116
Fort Worth, Texas 76107

Attorneys (If Known)
Gerald C. Conley
Tim Taylor
Austin D. Jones
1717 Main Street, Suite 3700
Dallas, Texas  75201

DEC 14 2007

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suit | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Consumer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act, 15 U.S.C. § 1051, et seq.
Brief description of cause:
Declaratory judgment regarding trademark and domain name rights under the Lanham Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE   See Exhibit A
DOCKET NUMBER   See Exhibit A

DATE  12/14/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DAL:690920.1

# EXHIBIT A

| JUDGE | DOCKET NUMBER |
|---|---|
| Judge David C. Godbey | 3:07-cv-00835 |
| Judge Jorge A. Solis | 3:07-cv-00808 |
| Judge A. Joe Fish | 3:07-cv-01411 |
| Judge Reed O'Connor | 3:07-cv-01308 |
| Judge A. Joe Fish | 3:07-cv-01354 |
| Judge Ed Kinkeade | 3:07-cv-01380 |
| Judge Jorge A. Solis | 3:07-cv-01475 |
| Judge Jorge A. Solis | 3:07-cv-01690 |
| Judge David C. Godbey | 3:07-cv-01769 |
| Judge Barbara M.G. Lynn | 3:07-cv-01932 |

DEC 1 4 2007

## United States District Court
## Northern District of Texas

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

# 3-07 CV2099-K

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.**
**District Clerk's Office.  Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

| Court | Case Number |
|---|---|
| State of Texas Justice Court of Dallas County, Texas, Precinct 5-1 | JC0703024-0 |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate
their party type. Also, please list the attorney(s) of record for each party named and
include their bar number, firm name, correct mailing address, and phone number
(including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Texas International Property Associates, Plaintiff | Daniel G. Altman |
| Hoerbiger Holding AG, Defendant | Gerald Conley Tim Taylor Austin Jones |

3.   **Jury Demand:**

Was a Jury Demand made in State Court?     ☒ Yes     ☐ No

If *"Yes,"* by which party and on what date?

Texas International Property Association          November 15, 2007
Party                                            Date

DAL:691162.1

**Supplemental Civil
Cover Sheet Page 2**

4.     Answer:

      Was an Answer made in State Court?       ☐ Yes    ☒ No

      If *"Yes,"* by which party and on what date?

      _____    _____

      Party                                         Date

5.     **Unserved Parties:**

      The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
| Hoerbiger Holding AG (Removing Defendant) | Removed prior to service |

6.     **Nonsuited, Dismissed or Terminated Parties:**

      Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason(s) for No Service |
|---|---|
| None | |

DAL:691162.1

7.  **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| <u>Party</u> | <u>Claims</u> |
| --- | --- |
| Texas International Property Associates | TIPA is seeking a declaration that Defendant Hoerbiger is not entitled to the transfer of the <horbiger.com> domain name under the Lanham Act, 15 U.S.C. § 1051, *et seq.* |