**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TEXAS INTERNATIONAL PROPERTY ASSOCIATES,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | |
| **HOERBIGER HOLDING AG,** | § § | |
| **Defendant/Counterclaimant** | § § | **NO.   3-07CV2099-K** |
| **V.** | § § | |
| **DAUBEN, INC. d/b/a TEXAS INTERNATIONAL PROPERTY ASSOCIATES and JOEY DAUBEN a/k/a JOSEPH G. DAUBEN,** | § § § § § | |
| **Counterclaim-Defendants** | § § | |

## DEFENDANT HOERBIGER HOLDING AG'S ANSWER, COUNTERCLAIMS AND THIRD-PARTY CLAIMS

For its Answer to Plaintiff Texas International Property Associates' ("TIPA") Original Petition, Defendant Hoerbiger Holding AG ("Defendant") states as follows:

### GENERAL DENIAL

Defendant denies each and every allegation, matter, or thing contained in the Original Petition that is not expressly admitted, qualified, or answered herein.

1.     Defendant states that this case should be governed by a scheduling order issued by the Court after a Scheduling Conference.

2.     Defendant admits that, upon information and belief, TIPA is a d/b/a for Dauben, Inc. which is a Texas Corporation with offices in Dallas, County. .

3.      Defendant denies that it does business in Texas by seeking Texas domain names and admits that it does not maintain a registered agent in Texas.  Defendant admits that is a company organized and existing pursuant to the laws of Switzerland and that it has an office at Baarenstrasse, 6304 Zug, Switzerland.  The remaining allegations in Paragraph 3 of TIPA's Original Petition state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 3 of TIPA's Original Petition.

4.      Defendant admits that the Court has jurisdiction over the parties and the subject matter of this case.  Hoerbiger denies the remaining allegations contained in Paragraph 4 of TIPA's Original Petition.

5.      Hoerbiger admits that TIPA has registered and maintains the domain name *horbiger.com* with a registrar in Dallas County, Texas.  Hoerbiger denies the remaining allegations in Paragraph 5 of TIPA's Original Petition.

6.      Hoerbiger denies the allegations of Paragraph 6 of TIPA's Original Petition.

7.      Hoerbiger denies the allegations of Paragraph 7 of TIPA's Original Petition.

8.      Hoerbiger denies the allegations of Paragraph 8 of TIPA's Original Petition.

9.      Hoerbiger is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of TIPA's Original Petition and, therefore, denies them.

10.      The allegations in Paragraph 10 of TIPA's Original Petition state legal conclusions to which no response is required.  To the extent a response is required, Hoerbiger denies the allegations contained in Paragraph 10 of TIPA's Original Petition.

11.    The allegations in Paragraph 11 of TIPA's Original Petition state legal conclusions to which no response is required.  To the extent a response is required, Hoerbiger denies the allegations contained in Paragraph 11 of TIPA's Original Petition.  Hoerbiger specifically denies that TIPA is entitled to the relief sought in the prayer, or to any relief whatsoever.

## HOERBIGER'S COUNTERCLAIMS

For its counterclaims against Dauben, Inc. d/b/a Texas International Property Associates ("TIPA"), and Joey Dauben ("Dauben"), Hoerbiger states and alleges the following:

### PARTIES

1.    Counterclaimant Hoerbiger is a corporation duly organized under the laws of Switzerland, having its principle place of business at Baarerstasse 18, CH-6304 Zug, Switzerland.  Hoerbiger invests in innovative products and processes which enable sustainable, profitable growth.  Hoerbiger conducts business in the U.S. and throughout the world by and through its affiliates and/or operating companies in the fields of compression technology, automation technology, drive technology, valve technology and actuation technology under the HOERBIGER mark.

2.    Upon information and belief, Daubin, Inc. and Texas International Property Associates are one and the same entity and "Texas International Property Associates" is an assumed name of Dauben, Inc.  Upon information and belief, counterclaim defendant Dauben, Inc., is a corporation duly organized under the laws of the State of Texas, having its registered office at 1200 Sycamore, No. 8354, Waxahachie, Dallas County, Texas,  75165, and its principal place of business at 4041 West Wheatland Road, Suite 156-417, Dallas, Dallas County, Texas. On November 30, 2006, Dauben, Inc. filed an Assumed Name Certificate for an Incorporated

Business or Profession with the County Clerk of Dallas County, Texas, to transact business under the name "Texas International Property Associates." *See* Exhibit A.

3.      Upon information and belief, counterclaim defendant Joey Dauben a/k/a Joseph G. Dauben is an individual residing at 1408 Red Oak Drive, Ovilla, Texas.  Upon information and belief, Dauben is the registered agent and sole director of Dauben Inc., and has personally taken part in and specifically directed the actions of Dauben, Inc. and Texas International Property Associates alleged herein.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction under 28 U.S.C. § 1376(a) for claims asserted under Texas law.

5.      Upon information and belief, this Court has personal jurisdiction over Counterclaim Defendants TIPA and Dauben because both are residents of the State of Texas.

6.      Venue is proper in this district under 28 U.S.C. § 1391 because, as set forth herein, a substantial part of the events giving rise to Hoerbiger's Counterclaims occurred in this district, and the property that is the subject of the action is situated in this district.

7.      Venue is also proper in this district pursuant to 28 U.S.C. § 1446(a), as this action has been removed from the State of Texas Justice Court of Dallas County, Texas, Precinct 5-1, to this Court, which is the United States district court for the district and division within which the State action was pending.

8.      Additionally, the Court has jurisdiction over the res, i.e., the Internet domain name *horbiger.com*, under 15 U.S.C. § 1125(d).

## FACTS

**Hoerbiger's Rights In The HORBIGER Mark:**

9.       Since at least 1971, Hoerbiger, through its affiliated entities, ("Hoerbiger") has continuously used the HOERBIGER mark in connection with business in the U.S. and throughout the world in the fields of compression technology, automation technology, drive technology, valve technology and actuation technology.

10.       Hoerbiger owns the federally registered mark HOERBIGER (Reg. No. 2,629,876).   A true and correct copy of Hoerbiger's Certificate of Registration for the HOERBIGER mark is attached as Exhibit B.

11.       By virtue of its longstanding usage in commerce of the HOERBIGER mark, Hoerbiger's rights to the HOERBIGER mark are incontestable pursuant to 15 U.S.C. § 1065.

12.       Since at least June 25, 1996, Hoerbiger has promoted the sale of its products and services through an Internet website accessible through the domain name *hoerbiger.com*.

13.       Hoerbiger and its affiliated entities also own at least one hundred other domain names that incorporate the HOERBIGER mark, including:

| | |
|---|---|
| hoerbiger.ea | hoerbiger-china.com |
| hoerbiger.bi | hoerbiger-comfort-systems.com |
| hoerbiger.biz | hoerbiger-compression.com |
| hoerbiger.cl | hoerbigercompression.ir |
| hoerbiger.cn | hoerbiger-compression.lt |
| hoerbiger.co.jp | hoerbiger-compression.ru |
| hoerbiger.co.nz | hoerbiger-compressiontechnology.com |
| hoerbiger.co.uk | hoerbigercorp.com |
| hoerbiger.co.yu | hoerbigercorp.net |
| hoerbiger.co.za | hoerbigercorp.net |
| hoerbiger.com | hoerbigerdrive.ir |
| hoerbiger.com.ar | hoerbiger-drivetechnology.com |
| hoerbiger.com.au | hoerbigerdrivetecdhnology.de |
| hoerbiger.com.bo | hoerbiger-electronic.com |
| hoerbiger.com.br | hoerbiger-electronics.com |
| hoerbiger.com.cn | hoerbiger-hydraulics.com |
| hoerbiger.com.mx | hoerbigerind-exp.com |

**DEFENDANT HOERBIGER HOLDING AG'S**
**ANSWER, COUNTERCLAIMS AND THIRD-PARTY CLAIMS**                    **PAGE 5**

hoerbiger.com.sg
hoerbiger.com.ve
hoerbiger.cz
hoerbiger.de
hoerbiger.demon.co.uk
hoerbiger.es
hoerbiger.fi
hoerbigerhu
hoerbiger.info
hoerbiger.ir
hoerbiger.it
hoerbiger.jp
hoerbiger.net
hoerbiger.nl
hoerbiger.no
hoerbiger.origa.free.fr
hoerbiger.origa.free.fr
hoerbiger.pl
hoerbiger.se
hoerbiger-acs.com
hoerbiger-aks.com
hoerbiger-aks.com
hoerbiger-aks.de
hoerbiger-america.com
hoerbiger-antriebstechnik.com
hoerbigerantriebstechnik.de
hoerbiger-at.com.cn
hoerbiger-at.jp
hoerbiger-aut.com
hoerbiger-automation.com.cn
hoerbiger-automatisierungstechnik.com
hoerbiger-automotive.com
hoerbiger-automotive-comfortsystems.com
hoerbiger-automotive-komfortsysteme.com
hoerbiger-automotive-systeme.com
hoerbiger-automotive-systems.com

hoerbigerindia.com
hoerbiger-komfort-systeme.com
hoerbiger-kompressortechnik.com
hoerbigerkompressortechnik.de
hoerbiger-kt.com
hoerbiger-kt-asia.com
hoerbiger-kt-asia.com.sg
hoerbiger-microfluid.com
hoerbiger-microfluid.de
hoerbiger-origa.at
hoerbiger-origa.be
hoerbiger-origa.ch
hoerbiger-origa.co.uk
hoerbigeroriga.com
hoerbiger-origa.com
hoerbigeroriga.es
hoerbiger-origa.fr
hoerbiger-origa.it
hoerbigeroriga.net
hoerbiger-origa.nl
hoerbiger-origa.no
hoerbiger-origa.ru
hoerbiger-origa.se
hoerbiger-origa.news.com
hoerbiger-origa-systems.com
hoerbiger-scandinavia.com
hoerbiger-systems.com
hoerbigeruk.demon.co.uk
hoerbigerusa.com
hvw.hoerbiger.com
inotes.hoerbiger.com
interhoerbiger.ch
my.hoerbiger.com
webmail.hvw.hoerbiger.com

14.     Hoerbiger has expended substantial effort and expense advertising and promoting, *inter alia*, its services under the HOERBIGER mark.

15.     As a result of Hoerbiger's long use, promotional efforts, and significant expenditures, Hoerbiger has acquired valuable common law rights in the HOERBIGER mark.

16.     As a result of Hoerbiger's efforts, the purchasing public in Texas and throughout the United States has come to know, rely upon, and recognize goods and services sold by Hoerbiger and its affiliated companies under the HOERBIGER mark.

17.     By virtue of Hoerbiger's longstanding use of the HOERBIGER mark, use of related marks incorporating the HOERBIGER mark, registration and use of domain names incorporating the HOERBIGER mark, and substantial commercial success promoting goods and services under the HOERBIGER mark, Hoerbiger's HOERBIGER mark has become famous throughout the world.  *See* Exhibit C.

**TIPA's Bad Faith Typosquatting:**

18.     TIPA has registered and maintains the domain name *horbiger.com*.

19.     TIPA first registered or acquired rights to the *horbiger.com* domain name years after Hoerbiger first registered trademarks that incorporate the HOERBIGER mark.

20.     TIPA's *horbiger.com* domain name is comprised of a slight misspelling of Hoerbiger's HOERBIGER mark.

21.     TIPA registered and/or acquired ownership of the *horbiger.com* domain name and commenced use of the domain name with actual knowledge of Hoerbiger's prior use and registrations of its HOERBIGER mark.

22.     TIPA has used and continues to use the *horbiger.com* domain name in commerce throughout the United States to advertise, promote, sell, and facilitate the sale of advertising services offered in connection with the web site accessed through the *horbiger.com* domain name.

23.     TIPA has used and continues to use the *horbiger.com* domain name to divert Internet users to a web site that displays a variety of hyperlinks with names that target Hoerbiger's line of business, including, but not limited to "Automation," "Compression,"

"Valve," and "Actuators."  When Internet users activate these links, they are directed to web pages that display hyperlinks to websites maintained by companies that compete directly with Hoerbiger.

24.     Upon information and belief, TIPA registered, uses, and maintains the *horbiger.com* domain name in an effort to trade on the goodwill existing in connection with the HOERBIGER mark, or to otherwise lead customers to believe that there is some connection or affiliation between Hoerbiger's goods and services and TIPA's unrelated web pages.

25.     On June 27, 2007, Hoerbiger filed an action with the World Intellectual Property Organization ("WIPO") under the Uniform Domain Name Dispute Resolution Policy ("UDRP").

26.     After consideration of both Hoerbiger's and TIPA's submissions, the WIPO Arbitration Panelist found that Hoerbiger "has established its own registered trademarks for HOERBIGER." *Hoerbiger Holding AG v. Texas International Property Associates*, WIPO Case No. D2007-0943. The Arbitration Panelist found that the "disputed domain name differs from the proved, registered marks  in two respects. It does not include the letter 'e' after the 'o' and before the 'r'… Accordingly, the Panel finds that the domain name is confusingly similar to the trademark." *Id*. The Arbitration Panelist  also found that the TIPA has no rights or legitimate interests in the domain name and that TIPA registered and uses the domain name in bad faith. *Id*. The Arbitration Panelist ordered that the *horbiger.com* domain name be transferred to Hoerbiger. *Id*.  A true and correct copy of this WIPO decision is attached as Exhibit D.

27.     Despite the Order of the Arbitration Panel, TIPA has sought to prevent the transfer of the *horbiger.com* domain name to Hoerbiger, and has continued its wrongful use of the horbiger.com domain name.

28.     By registering, maintaining, and using, the horbiger.com domain name, TIPA has intentionally traded on Hoerbiger's considerable goodwill in the HOERBIGER mark.

29.     On information and belief, Hoerbiger has intentionally confused consumers in the United States as to the source or affiliation of services found on the website maintained at the horbiger.com domain name.

30.     TIPA's unauthorized registration, maintenance, and use of the horbiger.com domain name in the manner described above is likely to cause confusion, to cause mistake, and/or deceive customers and potential customers.

31.     TIPA's unauthorized registration, maintenance, and use of the horbiger.com domain name in the manner described above falsely indicates to the purchasing public that the goods and services advertised on TIPA's website originate with, or are affiliated, connected, or associated with services sold under Hoerbiger's HOERBIGER mark.

32.     TIPA's unauthorized registration, maintenance, and use of the horbiger.com domain name in the manner described above enables TIPA to trade on and receive the benefit of goodwill in Hoerbiger's HOERBIGER mark, which Hoerbiger has established at great labor and expense over the years.  TIPA's unauthorized use also enables it to gain acceptance for the services advertised at its website, not solely on their own merits, but on the reputation and goodwill of Hoerbiger and its HOERBIGER mark.

33.     TIPA's unauthorized registration, maintenance, and use of the infringing horbiger.com domain name in the manner described above deprives Hoerbiger of the ability to control the nature and quality of services provided under its marks and places Hoerbiger's valuable reputation and goodwill in the hands of TIPA, over whom Hoerbiger has no control.

34.     TIPA's actions in connection with the horbiger.com domain name are part of a widespread pattern of cybersquatting and typosquatting by TIPA in connection with which TIPA has, in bad faith, registered, maintained, and used numerous domain names that are identical or confusingly similar to well-known trademarks.

35.     Trademark owners have initiated at least forty-five separate UDRP arbitration proceedings against TIPA.

36.     In each of these proceedings, the trademark holders alleged that TIPA had, in bad faith, registered domain names identical or confusingly similar to their trademarks.

37.     In each of these forty-five proceedings, the Arbitration Panel either ordered, or TIPA consented to, transfer of the disputed domain name to the trademark holder.

38.     Moreover, in the past six months alone, numerous lawsuits have been initiated before this Court relating to TIPA's registration, maintenance and/or use of domain names identical or substantially similar to trademarks owned by third parties.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

39.     Hoerbiger restates and realleges each of the allegations set forth in paragraphs 1 through 44 above.

40.     TIPA's actions constitute infringement of Hoerbiger's federally registered HOERBIGER mark.

41.     Upon information and belief, TIPA's actions have been willful, with full knowledge of Hoerbiger's rights in the registered HOERBIGER mark, and with an intent to trade on Hoerbiger's goodwill in such registered trademark.    TIPA's conduct makes this an exceptional case under 15 U.S.C. § 1117(a).

42.     As a result of TIPA's wrongful conduct, Hoerbiger is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be provided at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT II:  FEDERAL UNFAIR COMPETITION

43.     Hoerbiger restates and realleges each of the allegations set forth in paragraphs 1 through 48 above.

44.     TIPA's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

45.     Upon information and belief, TIPA's unfair competition has been willful and malicious, thus making this an exceptional case under 15 U.S.C. § 1117(a).

46.     As a result of TIPA's wrongful conduct, Hoerbiger is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be provided at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT III:  FEDERAL CYBERPIRACY

47.     Hoerbiger restates and realleges each of the allegations set forth in paragraphs 1 through 52 above.

48.     TIPA has registered, maintained, and used the horbiger.com domain name in an effort to divert Internet users searching for information regarding Hoerbiger's goods and services to TIPA's unrelated web pages.

49.     The unlawful acts of TIPA as described above were and continue to be committed by TIPA with a bad faith intent to profit from the HOERBIGER mark.

50.     The horbiger.com domain name is confusingly similar to the distinctive and famous HOERBIGER mark, Hoerbiger's marks incorporating the HOERBIGER mark, and Hoerbiger's common law trademark rights.

51.     TIPA's acts constitute trademark cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

52.     As a result of TIPA's wrongful conduct, Hoerbiger is entitled to the injunctive remedies specified in the Prayer for Relief, transfer of the horbiger.com domain name, statutory damages and/or and damages in an amount to be provided at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT IV:  FEDERAL TRADEMARK DILUTION

53.     Hoerbiger restates and realleges each of the allegations set forth in paragraphs 1 through 58 above.

54.     Prior to TIPA's registration of the horbiger.com domain name, the Hoerbiger's HOERBIGER mark had become famous within the meaning of 15 U.S.C. § 1125(c).

55.     After Hoerbiger's HOERBIGER mark had become famous, TIPA commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of Hoerbiger's famous marks in violation of 15 U.S.C. § 1125(c).

56.     TIPA's dilution actions have been willful, with full knowledge of Hoerbiger's rights in the HOERBIGER mark, and with the intent both to trade on the recognition of Hoerbiger's famous mark and harm the reputation of Hoerbiger's famous mark.

57.     As a result of TIPA's wrongful conduct, Hoerbiger is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be provided at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT V:  TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW

58.     Hoerbiger restates and realleges each of the allegations set forth in paragraphs 1 through 63 above.

59.     TIPA's actions constitute trademark infringement in violation of the common law of Texas.  Upon information and belief, such infringement has been willful.

60.     As a result of TIPA's wrongful conduct, Hoerbiger is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be provided at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## COUNT VI:  INJURY TO BUSINESS REPUTATION OR TRADE NAME UNDER THE TEXAS BUSINESS AND COMMERCE CODE

61.     Hoerbiger restates and realleges each of the allegations set forth in paragraphs 1 through 66 above.

62.     TIPA's intentional and knowing actions have resulted in injury to Hoerbiger's business reputation and dilute the distinctive quality of Hoerbiger's mark in violation of the Texas Business & Commerce Code § 16.29.

63.     TIPA's actions in Texas have caused and will continue to cause Hoerbiger irreparable harm unless enjoined.

64.     As a result of TIPA's wrongful conduct, Hoerbiger is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be provided at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Hoerbiger Holding AG prays for entry of judgment against Dauben, Inc. doing business as Texas International Property Associates and Joey Dauben as follows:

A.     Permanently enjoining Dauben, Dauben, Inc. and Texas International Property Associates, their officers, agents, servants, employees, and all those persons in active concert or participation with them from using the horbiger.com domain name, or any other colorable imitation of the HOERBIGER mark;

B.     Requiring Dauben, Dauben, Inc., and Texas International Property Associates, their officers, agents, servants, employees, and all those persons in active concert or participation with them, to deliver to the court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, promotional items, promotional literature, and advertisements in their possession or control which utilize or incorporate horbiger.com domain name, or any other colorable imitation of the HOERBIGER mark, together with all plates, molds, matrices, and other means of making the same;

C.     Permanently enjoining Dauben, Dauben, Inc., and Texas International Property Associates, their officers, agents, servants, employees, and all those persons in active concert or participation with them, from using or trafficking in the horbiger.com domain name to any individual or entity other than Hoerbiger, and from registering, using, transferring, or trafficking in any domain names confusingly similar to the HOERBIGER mark or any other Hoerbiger trademark or service mark;

D.     Requiring Dauben, Dauben, Inc., and Texas International Property Associates to maintain the status of the Internet domain name horbiger.com, including but not limited to the prompt and timely payment of any outstanding fees to the domain name registrar so that the registration does not expire prior to its transfer to Hoerbiger;

E.     Requiring Dauben, Dauben, Inc. and Texas International Property Associates to immediately transfer to Hoerbiger, without consideration, the horbiger.com Internet domain name and any other domain names registered or maintained by Dauben, TIPA, their officers, agents, servants, employees, and all those persons in active concert or participation with them, identical or confusingly similar to the HOERBIGER mark or any other Hoerbiger trademark or service mark;

F.     Requiring Dauben, Dauben, Inc., and Texas International Property Associates to immediately notify in writing registrar of the horbiger.com of Hoerbiger's rights in the domain name and requesting that the horbiger.com Internet domain name and any other domain name registered or maintained by Dauben, TIPA, their officers, agents, servants, employees, and all those persons in active concert or participation with them, identical or confusingly similar to the HOERBIGER mark or any other Hoerbiger trademark or service mark be immediately transferred without consideration to Hoerbiger;

G.     For an award of statutory damages pursuant to 15 U.S.C. § 1117(d);

H.     For an award of damages sustained as a result of TIPA's wrongful activities, trebled where permissible;

I.     For an accounting of TIPA's profits resulting from their wrongful activities and that such profits be paid over to Hoerbiger, increased as the Court finds to be just under the circumstances of this case;

J.      For an award of attorneys' fees and costs as allowed by law;

K.      For an award of prejudgment and post-judgment interest on all sums awarded; and

L.      For such other and further relief as the Court may deem just, equitable and appropriate.


Respectfully submitted,

**ANDREWS KURTH LLP**


By: /s/ Austin D. Jones_____
   GERALD CONLEY
   State Bar No. 04664200
   Gerald.Conley@andrewskurth.com
   TIM TAYLOR
   State Bar No. 19723895
   Tim.Taylor@andrewskurth.com
   AUSTIN D. JONES
   State Bar No. 24032474
   Austin.Jones@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas  75201
Tel: (214) 659-4400
Fax: (214) 659-4401

**ATTORNEYS FOR DEFENDANT
HOERBIGER HOLDING AG**


**CERTIFICATE OF SERVICE**

On December 21, 2007 I electronically submitted the foregoing document with the clerk of court for the U.S. District court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel of record electronically.

 /s/ Austin D. Jones_____
   AUSTIN D. JONES