IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS INTERNATIONAL PROPERTY ASSOCIATES, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:07-CV-2099-K |
| HOERBIGER HOLDING AG, | § § § | |
| Defendant/Counterclaimant, | § § | |
| v. | § § | |
| DAUBEN, INC. D/B/A TEXAS INTERNATIONAL PROPERTY ASSOCIATES AND JOEY DAUBEN A/K/A JOSEPH G. DAUBEN, | § § § § § | |
| Counterclaim Defendants. | § | |

## **ORDER**

On May 12, 2009 the court entered an order granting summary judgment for Defendant Hoerbiger Holding AG ("Hoerbiger") on all of Plaintiff Texas International Property Associates ("TIPA")'s claims against it. In that same order, the court also granted partial summary judgment for Hoerbiger on its federal counterclaim for cyberpiracy against TIPA and Third party Defendant Joey Dauben ("Dauben"). Upon entry of the court's May 12, 2009 order, several additional counterclaims brought by Hoerbiger remained pending. Hoerbiger sought leave to amend its pleadings in order to

1

drop the remaining counterclaims, which the court granted on June 17, 2009. Hoerbiger filed its First Amended Counterclaim and Third-Party Claim on June 19, 2009.

Therefore, with the elimination of the additional pending counterclaims, the court may now enter judgment pursuant to its May 12, 2009 Memorandum Opinion and Order, and also proceed to the issue of attorneys' fees. Because the court has determined that TIPA violated the cyberpiracy provisions of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1), Hoerbiger has elected to recover statutory damages under 15 U.S.C. § 1117(d). This provision provides for an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just. *Id.*

In its May 12, 2009 Memorandum Opinion and Order, the court determined that TIPA acted in bad faith by using the domain name horbiger.com to provide links to automation and compression products, and did so by knowingly using a slight misspelling of the HOERBIGER trademark. The court has wide discretion in determining the amount of statutory damages to be awarded. *Kiva Kitchen & Bath, Inc. v. Capital Distributing Inc.,* 2009 WL 890591, **3 (5th Cir. 2009), *citing Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir. 2001). An award of the maximum statutory damages is warranted in cases where the defendant's actions were willful, deliberate and in bad faith. *Id., citing Citigroup, Inc. v. Shui,* 611 F.Supp.2d 507, 513 (E.D. Va. 2009), *Aztar Corp. v. MGM Casino,* 2001 WL

939070, *4-6 (E.D. Va. 2001).  The court has previously found that TIPA's use of the horbiger.com domain name was done intentionally and in bad faith.  (Memorandum Opinion and Order, Docket No. 53).   Therefore, an award of $100,000, the maximum amount of statutory damages, is appropriate here.  For these same reasons, the court further finds this case to be exceptional pursuant to 15 U.S.C. § 1117(a), and therefore determines that it is appropriate to award Hoerbiger its reasonable attorneys' fees.  Any application for attorneys' fees must be filed by Hoerbiger by **September 21, 2009.**

It is further ordered that Defendants TIPA and Dauben immediately take all necessary steps to transfer the domain name horbiger.com to Hoerbiger, as more fully described in and mandated by the court's Final Judgment and Permanent Injunction.  Within 30 days after the entry of this order, TIPA and Dauben shall file with the court and serve on Hoerbiger a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction.  Failure to comply with the injunction and/or file this report will result in the imposition of any sanctions the court deems appropriate.

The Judgment and Permanent Injunction will be entered concurrently herewith.

**SO ORDERED.**

Signed September 1st, 2009.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE